**UNITED STATES of America,
Appellee,**

v.

**Michael CHANEY, also known as
Mike, also known as Mick,
Defendant–Appellant,**

**Tracy Harris, Defendant.**

**No. 05–4410–CR.**

United States Court of Appeals,
Second Circuit.

May 17, 2006.

Brendan White, White & White, New York, NY, for Appellant.

David M. Rody, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York; Harry Sandick, Assistant United States Attorney, on the brief), Office of the United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: RICHARD J. CARDAMONE, JOSÉ A. CABRANES and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

On September 15, 2000, defendant-appellant Michael Chaney pleaded guilty to one count of participating in a conspiracy to distribute and possess with an intent to distribute five kilograms and more of cocaine, and fifty grams and more of cocaine base, in violation of 21 U.S.C. § 846. On January 31, 2002, the District Court sentenced Chaney principally to 140 months of imprisonment—a sentence that fell at the bottom end of the applicable Sentencing Guidelines range. On April 8, 2005, Chaney's case was remanded for further

proceedings in conformity with our holding in *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005). Chaney now appeals from an order of the District Court entered on August 15, 2005, declining to resentence him and directing that Chaney's original sentence remain the sentence of the District Court. We assume the parties' familiarity with the facts and procedural history of this case.

Chaney contends that the District Court's decision not to resentence him was unreasonable because (1) the District Court failed to consider "post sentence factors" such as "Chaney's substantial accomplishments while incarcerated," and (2) the District Court's original sentence of 140 months was greater than necessary to advance the sentencing concerns outlined in 18 U.S.C. § 3553(a).

■ On remand, the District Court determined that it was not permitted to consider Chaney's post-sentence rehabilitation when deciding, at the first stage of the *Crosby* inquiry, whether to resentence Chaney. In declining to consider such evidence, the District Court properly adhered to the procedure outlined in *Crosby,* whereby a district court "may consider, *based on the circumstances at the time of the original sentence,* whether to resentence, after considering the currently applicable statutory requirements." *Crosby,* 397 F.3d at 120 (emphasis added); *see also id.* at 118 & n. 19 ("If, *based solely on the circumstances that existed at the time of the original sentence,* the sentencing judge decides to resentence, the judge will have to consider the issue of what current circumstances are to be considered ....") (emphasis added). Accordingly, we find no error in the District Court's refusal to consider evidence of Chaney's post-sentence conduct.

■ Regarding Chaney's second claim—that the District Court's original

sentence of 140 months was unreasonable—we hold, based on our review of the record and in light of the factors set forth in § 3553(a), that the District Court did not err, either procedurally or by imposing a substantively unreasonable sentence. Rather, the District Court carefully considered the § 3553(a) factors and imposed a sentence twenty months higher than the statutory mandatory minimum—a reasonable sentence in light of Chaney's extensive criminal history.

\*　　\*　　\*　　\*　　\*　　\*

Having considered all of Chaney's arguments and found each of them to be without merit, we AFFIRM the judgment of the District Court.